## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROY BINGHAM,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Case No.: 24-536** |
| | : | |
| **GIANT EAGLE, INC.,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, Roy Bingham, by and through the undersigned counsel, J.P. Ward & Associates, LLC, and, specifically, Joshua P. Ward, Esquire, who files the within Complaint in Civil Action against Defendant, Giant Eagle, Inc., of which the following is a statement:

## PARTIES

1.      Plaintiff, Roy Bingham ("Mr. Bingham"), is an adult individual who currently resides in Allegheny County, Pennsylvania.

2.      Defendant, Giant Eagle, Inc. ("Giant Eagle" or "Defendant"), is a Pennsylvania Limited Liability Company with a place of business located at 1356 Hoffman Blvd., West Mifflin, PA 15122.

3.      At all relevant times, Defendant employed more than 15 employees.

## JURISDICTION AND VENUE

4.     Mr. Bingham brings this lawsuit under the Americans with Disabilities Act ("ADA" – 42 U.S.C §§ 12101, et seq.), as amended, and the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 (hereinafter the "PHRA").

## FACTUAL ALLEGATIONS

5.     Mr. Bingham began working for Giant Eagle as a Sales Clerk on or about November 2020 at the Giant Eagle located at 420 E Waterfront Dr., Homestead, PA 15120.

6.     At all relevant times, Mr. Bingham had chronic lower back pain from a neurological injury and was able to perform all the essential duties of his position.

7.     Mr. Bingham's disability substantially affected his major life activities, including but not limited to, standing, moving and lifting.

8.     On the first day, Mr. Bingham informed his store manager, Leslie LNU ("Ms. Leslie"), that he was disabled and was receiving disability payments.  Ms. Leslie stated that it was not a problem and allowed Mr. Bingham to continue working at his job.

9.     On or about March 2022, Mr. Bingham went on medical leave for approximately five (5) to six (6) months for his disability and pain associated with his disability. By June or July 2022, Defendant did not contact Mr. Bingham to come back to his position.

10.     Mr. Bingham then applied to Defendant and obtained a position as Sales Clerk at the Giant Eagle store located at 1356 Hoffman Blvd., West Mifflin, PA 15122 on or about November 29, 2022.

11.     Mr. Bingham conveyed to his supervisors that he had chronic back pain due to his disability and required a job position where he would stay seated.

12.     However, on or around January 13, 2023, Mr. Bingham was told by his new supervisor, Jarrod Johnson ("Mr. Johnson"), that he was "working in front too much," and that he was going to assign Mr. Bingham to a Cook position for at least part of his schedule.

13.     Mr. Bingham reminded Mr. Johnson that he had a disability and could not be a Cook, as it required standing for prolonged periods of time.

14.     During this interaction, Mr. Johnson threatened to terminate Mr. Bingham's employment.

15.     After the interaction, Mr. Johnson fired Mr. Bingham on the spot in front of his coworkers.

16.     Mr. Bingham informed the store manager that he was fired, and received a response stating, "what do you mean?"

17.     Thereafter, Giant Eagle did not contact Mr. Bingham.

## COUNT I
## DISCRIMINATION IN VIOLATION OF
## THE ADA AND THE PHRA

18.     Mr. Bingham incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

19.     To establish a *prima facie* case of discrimination under the ADA, Plaintiff must show: (1) she is a disabled person within the meaning of the ADA; (2) she is otherwise qualified to perform the essential functions of her job, with or without reasonable accommodations by the employer; and (3) she suffered an otherwise adverse employment decision as a result of discrimination. See *McGlone v. Philadelphia Gas Works*, 17-1399, 2018 WL 2193658, at *2 (3d Cir. May 14, 2018) (citing *Gaul v. Lucent Techs., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998).

20.    The PHRA is modeled similarly to the ADA and shares similar burdens. The analytical framework used to evaluate a disability discrimination claim under the PHRA is effectively indistinguishable from that under the ADA, thus allowing courts to dispose of both ADA and PHRA claims on the same grounds. *Bialko v. Quaker Oats Co.*, 434 F. App'x. 139, 142 n.5 (3rd Cir. 2011) (citing *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 382 (3d Cir. 2002) (noting that the PHRA, in all "relevant respects," was "basically the same as the ADA" and was interpreted "in accord" with the ADA and related case law, thus meaning that "disposition of [Plaintiff's] ADA claim applie[d] with equal force to his PHRA claim."

21.    Mr. Bingham is disabled within the meaning of the ADA and the PHRA.

22.    Mr. Bingham was qualified to perform the essential functions of her job, with or without reasonable accommodations by Defendant.

23.    Plaintiff suffered the ultimate adverse employment action of termination on January 13, 2023, because of Defendant's discrimination.

24.    The discriminatory termination was specifically related to Mr. Bingham's disability.

25.    As a direct and proximate cause of the aforementioned conduct, Mr. Bingham suffered actual damages, including, but not limited to, wage loss, loss of income, and emotional distress damages, all in the past, present and future.

26.    As set forth hereinabove, Defendant's actions were intentional, knowing, wanton, willful, and so outrageous as to shock the conscience, such that the imposition of punitive damages are appropriate.

WHEREFORE, Plaintiff, Mr. Bingham, hereby requests that this Honorable Court enter judgment in his favor and against Defendant, including backpay, front pay, compensatory damages,

punitive damages, costs and attorney's fees, in addition to such other relief as deemed just and proper.

## COUNT II
## FAILURE TO ACCOMODATE
## IN VIOLATION OF THE ADA AND THE PHRA

27.      Mr. Bingham incorporates the allegations contained in the paragraphs above, as if fully set forth at length herein.

28.      To prevail on a claim of failure to accommodate, Plaintiff must establish that "(1) the employer knew about her disability; (2) she requested accommodations or assistance for her disability; (3) the employer did not make a good faith effort to assist her in seeking accommodations; and (4) she could have been reasonably accommodated but for the employer's lack of good faith." *Tourtellotte v. Eli Lily & Co.*, 636 F.App'x 831, 849 (3d Cir. 2016) (internal citations omitted).

29.      The PHRA is modeled similarly to the ADA and shares similar burdens. The analytical framework used to evaluate a disability discrimination claim under the PHRA is effectively indistinguishable from that under the ADA, thus allowing courts to dispose of both ADA and PHRA claims on the same grounds. *Bialko v. Quaker Oats Co.*, 434 F. App'x. 139, 142 n.5 (3rd Cir. 2011) (citing *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 382 (3d Cir. 2002) (noting that the PHRA, in all "relevant respects," was "basically the same as the ADA" and was interpreted "in accord" with the ADA and related case law, thus meaning that "disposition of [Plaintiff's] ADA claim applie[d] with equal force to his PHRA claim."

30.      Giant Eagle constitutes an "employer" within the meaning of the ADA and PHRA.

31.      Mr. Bingham was an "employee" within the meaning of the ADA and PHRA.

32.      Mr. Bingham has a disability within the meaning of the ADA and PHRA.

33.     Mr. Bingham informed his supervisors that he had a disability and that he required an accommodation.

34.     Giant Eagle stopped accommodating Mr. Bingham and threatened to fire him if he did not cook food for Giant Eagle.

35.     Ultimately, Giant Eagle terminated Mr. Bingham's employment due to his disability.

36.     Giant Eagle had previously accommodated Mr. Bingham by allowing him to engage in a position where he could remain seated, and the Sales Clerk position did not require standing for prolonged periods of time. Therefore, it was not an undue burden on Giant Eagle to accommodate Mr. Bingham further.

37.     Giant Eagle's actions were the proximate and legal cause of Plaintiff's injuries, harm, and damages.

38.     Giant Eagle's actions were willful, wanton, intentional, and done in conscious disregard to the rights of Plaintiff.

WHEREFORE, Plaintiff, Mr. Bingham, hereby requests that this Honorable Court enter judgment in his favor and against Defendant, including backpay, front pay, compensatory damages, punitive damages, costs and attorney's fees, in addition to such other relief as deemed just and proper.

## COUNT III
### RETALIATION AND WRONGFUL TERMINATION
### IN VIOLATION OF THE ADA AND THE PHRA

39.     Mr. Bingham incorporates the allegations contained in the paragraphs above, as if fully set forth at length herein.

40.     The ADA prohibits employers from retaliating against employees. 42 U.S.C. §

12203(a).  To establish a claim for retaliation, a Plaintiff must prove, "(1) that she engaged in a

protected employee activity; (2) that she was subject to an adverse action by the employer either

subsequent or contemporaneous with the protected activity; and (3) that there is a causal

connection between the protected activity and the adverse actions." *Lackey v. Heart of Lancaster*

*Regl. Med. Ctr.*, 704 Fed. Appx. 41, 49-50 (3d Cir. 2017) (citing *Williams v Phila. Hous. Auth.*

*Police Dep't*, 380 F.3d 751, 759 (3d Cir. 2004).

41.     Giant Eagle constitutes an "employer" within the meaning of the ADA and

PHRA.

42.     Mr. Bingham was an "employee" within the meaning of the ADA and PHRA.

43.     Mr. Bingham has a disability within the meaning of the ADA and PHRA.

44.     Mr. Bingham informed his supervisors that he had a disability, that he required

accommodation, and that he could not do the job duties of Cook, as requested of him by Giant

Eagle due to heavy lifting and the prolonged time he would have to spend standing.

45.     Giant Eagle harassed Mr. Bingham for his disability by threatening to fire him if

he did not cook food for Giant Eagle.

46.     Ultimately, Giant Eagle terminated Mr. Bingham for his disability.

47.     Giant Eagle's actions were the proximate and legal cause of Plaintiff's injuries,

harm, and damages.

48.     Giant Eagle's actions were willful, wanton, intentional, and done in conscious

disregard to the rights of Plaintiff.

WHEREFORE, Plaintiff, Mr. Bingham, hereby requests that this Honorable Court enter judgment in his favor and against Defendant, including backpay, front pay, compensatory damages, punitive damages, costs and attorney's fees, in addition to such other relief as deemed just and proper.

Date: April 9, 2024                          Respectfully submitted,

                                             **J.P. WARD & ASSOCIATES, LLC**

                                             By: _____
                                                 Joshua P. Ward, Esq. (Pa. I.D. 320347)
                                                 J.P. Ward & Associates, LLC
                                                 The Rubicon Building
                                                 201 South Highland Avenue
                                                 Suite 201
                                                 Pittsburgh, PA 15206

                                                 *Counsel for Plaintiff*